FILED
Jul 27, 2026
03:24 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Victor E. Garcia Alvarez | Docket No. 2025-50-4529 |
| v. | State File No. 15567-2025 |
| James Reed Birnie | |
| Appeal from the Court of Workers'<br>Compensation Claims<br>Robert V. Durham, Judge | |

---

### Affirmed and Remanded

---

In this interlocutory appeal, the claimant asserts the trial court erred in concluding he was unlikely to prevail at trial in proving entitlement to workers' compensation benefits. The purported employer owned a construction and renovation business that was eventually taken over by his son-in-law after he was diagnosed with metastatic cancer. Following his cancer diagnosis, the purported employer reportedly ceased all business activities but later hired the claimant and another individual to perform odd jobs at his residence. The purported employer instructed the claimant and another individual to clean up litter around his house and, while working, the claimant started a fire in a bucket for warmth. When the claimant approached the fire, the bucket exploded, resulting in severe burns to his arms, face, chest, and hands. The claimant was treated at a burn unit in Nashville and sought workers' compensation benefits for his injuries. Following a hearing, the court concluded that the claimant did not come forward with sufficient evidence to indicate a likelihood of prevailing at trial because the purported employer did not employ more than five individuals and was not a construction service provider, thus exempting him from the requirements of Tennessee's workers' compensation laws. It further determined that claimant's employment was "casual" in nature and not covered by the workers' compensation law. The claimant has appealed. Having thoroughly reviewed the record on appeal, we affirm the court's order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge Meredith B. Weaver joined.

Victor E. Garcia Alvarez, claimant-appellant, pro se

Joshua C. Lee, Franklin, Tennessee, for the defendant-appellee, James Reed Birnie

**Memorandum Opinion**[1]

Victor E. Garcia Alvarez ("Claimant") began working for James Reed Birnie on a construction crew with four other individuals in 2023. Regarding his employment during this time period, Claimant testified that he would report to Mr. Birnie in the morning and Mr. Birnie would tell Claimant the tasks he was to perform that day. Claimant testified that Mr. Birnie was responsible for securing clients and assigning work duties. He also stated that the work tools he used were supplied by Mr. Birnie; he usually worked 40 hours per week, on average; and he was paid with an envelope of cash each Friday for the time he worked.

In contrast, Mr. Birnie testified that he was in the construction and renovation business when Claimant began working for him in 2023. Mr. Birnie stated that Claimant provided his own tools most of the time and could take off whenever he wanted to work for himself or others. In 2024, Mr. Birnie developed stage IV bladder cancer. As a result, he began undergoing extensive treatment for this condition and was forced to give up his construction and renovation business in late 2024. Mr. Birnie testified that he turned the business over to his son-in-law, who continued to use much of the same construction crew. At some point in late 2024, Mr. Birnie hired Claimant and another individual to perform odd jobs around the house that he could no longer do due to his health and on-going treatment.

On February 13, 2025, Mr. Birnie told Claimant and another worker to clean up litter around the exterior of his house. During the course of that task, Claimant started a fire in a bucket for heat. According to Claimant, he was unaware that some sort of accelerant had been placed on the fire, and when he approached to throw more wood on it, the bucket exploded. The explosion caused severe burns to Claimant's arms, face, chest, and hands. He was transported via helicopter to a burn unit in Nashville where he received weeks of medical treatment. Claimant presented over $200,000 worth of medical bills for treatment that he asserts were caused by this accident.[2] Claimant testified that he still experiences substantial pain and has mobility issues in both hands.

Following an expedited hearing to consider Claimant's request for workers' compensation benefits, the trial court first noted that Claimant must prove Mr. Birnie was an "employer" as that term is defined in Tennessee Code Annotated section 50-6-102(11) and was statutorily required to provide workers' compensation coverage. The court observed that, as provided in Tennessee Code Annotated section 50-6-106(5), "an employer with fewer than five employees is not obligated to provide benefits unless the employer is a construction service provider." Pertinent to that issue, Mr. Birnie testified

---

[1] This decision is being filed pursuant to Tenn. Comp. R. and Regs. 0800-02-22-.03(1) (2023).

[2] To date, Claimant has not provided any medical records or expert testimony to suggest the medical bills he presented were reasonable and necessary for treatment of his injuries.

he was not in the construction business as of the date of the incident and had hired Claimant and another individual only to perform odd jobs around his home. The court noted that Mr. Birnie's testimony was, for the most part, largely unrefuted. Mr. Birnie argued that even if Claimant's work involved some construction, his employment would still be deemed casual because Mr. Birnie was not engaged in any business activities at the time of the accident. Ultimately, the trial court denied Claimant's request for workers' compensation benefits, concluding that Mr. Birnie: (1) was not a construction service provider at the time of the accident; (2) did not have five regular employees; and (3) was likely to prove Claimant was a "casual employee" pursuant to Tennessee Code Annotated section 50-6-106(2). Claimant has appealed.

In his notice of appeal, Claimant asserts the trial court erred in "concluding that Mr. Birnie was no longer operating a construction business and that [Claimant] was a casual employee at the time of the injury. The evidence presented showed an ongoing working relationship involving regular construction work. [Claimant] requests appellate review of the court's findings regarding employment status and coverage."

Neither party filed a transcript of the hearing, and Claimant did not file a brief on appeal. Without a transcript or statement of the evidence, we must presume that the evidence presented supported the findings of the trial court. *See, e.g.*, *Estate of Cockrill*, No. M2010-00663-COA-R3-CV, 2010 Tenn. App. LEXIS 754, at *11-12 (Tenn. Ct. App. Dec. 2, 2010) ("[W]here no transcript or statement of the evidence is filed, the appellate court is required to presume that the record, had it been properly preserved, would have supported the action of the trial court."). Moreover, in the absence of a brief, we have been presented with no meaningful legal argument to explain how Claimant believes the trial court erred. As stated by the Tennessee Supreme Court, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her." *Sneed v. Bd. of Pro. Resp. of the Sup. Ct. of Tenn.*, 301 S.W.3d 603, 615 (Tenn. 2010). Appellate courts will not "dig through the record in an attempt to discover arguments or issues that [a party] may have made had [they] been represented by counsel" because doing so "would place [the opposing party] in a distinct and likely insurmountable and unfair disadvantage." *Webb v. Sherrell*, No. E2013-02724-COA-R3-CV, 2015 Tenn. App. LEXIS 645, at *5 (Tenn. Ct. App. Aug. 12, 2015).

Finally, although a claimant "need not prove each and every element of his or her claim by a preponderance of the evidence at an expedited hearing to be entitled to . . . benefits," a claimant *is* required to "present evidence sufficient for the trial court to conclude that the [claimant] would likely prevail at a hearing on the merits." *McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At this interlocutory stage of the case, we conclude the preponderance of the evidence supports the trial court's determinations that Mr. Birnie was not an "employer" as defined in Tennessee's Workers' Compensation Law and that Claimant was a casual employee on the date he was injured.

3

Thus, we agree Claimant has not presented sufficient evidence at this stage of the case to indicate a likelihood of prevailing at trial, and we affirm the decision of the trial court in all respects. Costs on appeal are taxed to Claimant.